CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 325-3259
jared.bennett@usdoj.gov

Local Counsel for Plaintiff

MARY JO O'NEILL, AZ Bar # 005924
Mark Sorokin, CT Bar # 430872
James Driscoll MacEachron, AZ #027828
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
             mark.sorokin@eeoc.gov
             james.driscoll-maceachron@eeoc.gov

Attorneys for Plaintiff

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Case No. 2:14CV695BCW |
| vs. | COMPLAINT |
| PJ Utah LLC; PJ Cheese, Inc.; PJ United, Inc. | (Jury Trial Requested) |
| | Honorable Brooke Wells |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide

appropriate relief to Charging Party Scott Bonn, a person with a disability who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that PJ Utah LLC, PJ Cheese, Inc. and PJ United, Inc. terminated Mr. Bonn because of his disability and need for reasonable accommodations, and in retaliation against him for his request for reasonable accommodations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in multiple locations, including within the jurisdiction of the United States District Court for the District of Utah, Central Division.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement

of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant PJ Utah LLC has continuously been a Utah corporation doing business in the State of Utah and has continuously had at least 15 employees.

5. At all relevant times, Defendants PJ Cheese, Inc. and PJ United, Inc. have continuously been Alabama corporations doing business in the State of Utah as an integrated enterprise with PJ Utah LLC, and have continuously had at least 15 employees.

   a. Defendants share a common website, which includes access to job listings for Defendants' locations, including its Utah restaurants;

   b. Defendants share common management and centralized control of labor relations including a common human resources department that has the authority to fire Defendants' employees, as well as a common employee handbook and employment policies;

   c. Defendants have common ownership and control. Defendant PJ United, Inc. owns and/or controls PJ Utah LLC, and PJ Cheese, Inc. Defendant PJ United, Inc. has the same corporate office address as PJ Cheese, Inc. Defendants shared the same attorney during the EEOC investigation.

6. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7),

which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, PJ Utah LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. At all relevant times, PJ Cheese, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. At all relevant times, PJ United, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Scott Bonn filed an Amended Charge with the Commission alleging violations of Title I of the ADA by all three Defendants.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. At all relevant times, Scott Bonn has been a qualified individual with an actual disability as defined by the ADA. Scott Bonn has an intellectual disability (Down's Syndrome) and as a result he is substantially limited in major life activities, including but not limited to, neurological and brain function.

13. Mr. Bonn began his employment with Defendants on or about September 2011 at Defendants' Farmington, Utah restaurant. Defendants hired him to fold boxes. Mr. Bonn was and remains capable of performing the essential functions of that job with reasonable accommodations.

14. Around early February 2012, Brent Denham, an operating partner for Defendants, visited Defendants' Farmington, Utah restaurant. During that visit, Mr. Denham saw Mr. Bonn folding boxes and saw a job coach standing near Mr. Bonn. After Mr. Denham became aware that Charging Party was employed by Defendants and had requested reasonable accommodations, Mr. Denham contacted Defendants' Human Resources department and recommended that Defendants terminate Mr. Bonn. On or about February 10, 2012, Defendants terminated Mr. Bonn.

15. On or about February 2012, Defendants engaged in the following unlawful employment practices at their Farmington, Utah facility, in violation of Title I of the ADA, Sections 102(a) and (b), and Title V of the ADA, Sections 503(a) and (b), 42 U.S.C. §§ 12112(a) and (b), and § 12203(a) and (b), by:

   a. denying and interfering with Scott Bonn's employment opportunities based on his need for reasonable accommodation;

   b. terminating Scott Bonn's employment because of his disability and/or because of his need for reasonable accommodation; and

   c. terminating Scott Bonn in retaliation for his requests for reasonable accommodation.

16. The effect of the practices complained of in paragraph 15 above by Defendants has been to deprive Scott Bonn of equal employment opportunities and otherwise adversely affect his status as an employee and job applicant because of his disability.

17. The unlawful employment practices complained of in paragraph 15 above by Defendants were intentional.

18. The unlawful employment practices complained of in paragraph 15 above by Defendants were done with malice or with reckless indifference to the federally protected rights of Scott Bonn.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of disability or retaliate against individuals for engaging in protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Scott Bonn by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including but not limited to the rightful-place hiring of Scott Bonn, and, where appropriate, front pay and reinstatement.

D.	Order Defendants to make whole Scott Bonn by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.	Order Defendants to make whole Scott Bonn by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendants to pay Scott Bonn punitive damages for Defendants' malicious and reckless conduct described above in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 25th day of September, 2014.

CARLIE CHRISTENSEN
Acting United States Attorney

/s/ Jared C. Bennett
JARED C. BENNETT
Assistant United States Attorney

Mary Jo O'Neill, AZ Bar # 005924
Mark Sorokin, CT Bar # 430872
James Driscoll-MacEachron, AZ Bar # 027828
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690

Phoenix, Arizona 85012
Telephone: (602) 640-5061
Fax: (602) 640-5009