FILED
U.S. DISTRICT COURT

2017 JAN 25 ⊃ 1: 00

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 2:14-CV-695 TC |
| Plaintiff, | **CONSENT DECREE** |
| v. | District Judge Tena Campbell |
| PJ UTAH LLC; PJ CHEESE, INC.; PJ UNITED, INC., | |
| Defendants. | |

## I. RECITALS

**1.**      This matter was instituted by Plaintiff Equal Employment Opportunity Commission

("Plaintiff" or "EEOC" or "Commission"), an agency of the United States government, alleging

that Defendants PJ Utah LLC, PJ Cheese, Inc., and PJ United, Inc. (collectively "Defendants" or

"Papa John's") failed to provide reasonable accommodation of Scott Bonn's disability – Down

Syndrome - in violation of the Americans With Disabilities Act of 1990, as amended ("ADA"),

and discharged Mr. Bonn because of his disability, need for reasonable accommodation, and in

retaliation for requesting reasonable accommodations.

**2.**      The Parties to this Decree are the EEOC, Scott Bonn, PJ Utah LLC, PJ Cheese, Inc., and

PJ United, Inc.

**3.**      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"),

agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and

agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

4.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns. In so agreeing, neither party admits the claims or defenses of the others.

5.     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

### IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### II. JURISDICTION

6.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

7.     **Term:**  The duration of this Decree shall be two (2) years from the date of signing by the Court, with the exception of the training provisions in Paragraph 22, in which case, the duration of this Decree shall be three (3) years from the date of signing by the Court.

8.     **Scope:** Unless otherwise indicated, the terms of this Decree shall apply to all locations owned and/or operated by Defendant PJ Utah LLC in Utah, and all Human Resources offices that have any responsibility or interaction with locations owned and/or operated by Defendant PJ Utah LLC in Utah.

### IV. ISSUES RESOLVED

9.     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from EEOC Charge Number 540-2012-02775, as originally filed and subsequently amended, by Mr. Bonn and his lawyers.

2

**10.**     Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them in Utah will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

## V.     MONETARY RELIEF

**11.**     Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $83,000 and $42,000 in attorney's fees.

**12.**     To resolve these claims, Defendants shall pay a total of one hundred and twenty-five thousand dollars ($125,000.00) to Scott Bonn, allocated as follows:

> **12.1.**   One thousand eight hundred and eighty seven dollars and thirteen cents ($1,887.13) as back pay and lost earnings; and

> **12.2.**   Eighty-one thousand one hundred and twelve dollars and eighty-seven cents ($81,112.87) as compensatory damages.

> **12.3.**   Forty-two thousand dollars ($42,000) as attorney's fees to Mr. Bonn's attorneys.

**13.**     The back pay payment shall be reported on IRS Form W-2. Defendants shall be responsible for paying its share of payroll taxes for back pay and, in accordance with either a newly submitted W-4 or the W-4 on file with Defendants, withholding applicable payroll taxes owed by Mr. Bonn. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings. Mr. Bonn shall be responsible for any tax liability resulting from compensatory damages payments.

**14.**     The payments required under this Decree shall be sent via direct deposit to Mr. Bonn's counsel within ten (10) calendar days after the Court's entry of this Decree, utilizing information provided by Mr. Bonn's counsel.

**15.**     Within three (3) business days after the payments are sent to Mr. Bonn's counsel,

Defendants shall submit to EEOC confirmation of the payments issued to Mr. Bonn and to his

attorneys.

## VI.     OTHER INDIVIDUAL RELIEF

**16.**     Defendants shall ensure that Defendants' records reflect that Mr. Bonn voluntarily

resigned from his employment. Further, Defendants will provide a letter of reference in the form

attached as Attachment A.

## VII.  EQUITABLE RELIEF

### A.     *Injunctive Relief*

**17.**     Defendants, their officers, agents, and successors, and other persons in active concert or

participation with it, or any of them, in Utah shall not engage in any employment practice which

discriminates on the basis of disability.

**18.**     Defendants, their officers, agents, successors, and other persons in active concert or

participation with them, or any of them, in Utah shall not engage in reprisal or retaliation of any

kind against any person because of such person's opposition to any practice made unlawful

under the ADA, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in

Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008.

Defendants shall not retaliate against:  (1) a person because such person makes a formal or

informal request for reasonable accommodation; (2) individuals identified as witnesses in this

action or who assisted in the investigation giving rise to this action; and (3) any such persons

identified as a witness or possible witnesses of discrimination in future investigations or

proceedings.

4

**B.    *Equal Employment Opportunity Policy Review***

**19.**    Within sixty (60) calendar days of the entry of this Decree, Defendants shall, in

consultation with an outside consultant and/or legal counsel experienced in the area of

employment discrimination law ("Consultant"), review all of their existing equal employment

opportunity policies in Utah to conform with the law and revise, if necessary.

**20.**    The written equal employment opportunity policies must include at a minimum:

> **20.1.**    A commitment to preventing unlawful disability discrimination and retaliation;
>
> **20.2.**    A definition of disparate treatment based on disability and retaliation;
>
> **20.3.**    A definition of what may constitute reasonable accommodation, with a non-
>
> exhaustive list of examples including, but not limited to, job coaches, subject to all
>
> relevant factors;
>
> **20.4.**    A statement that discrimination based on disability or retaliation is prohibited and
>
> will not be tolerated;
>
> **20.5.**    A description of how an applicant or employee may request a reasonable
>
> accommodation during the hiring process and in the course of employment;
>
> **20.6.**    A description of how supervisors and/or managers address a request for a
>
> reasonable accommodation during the hiring process and in the course of employment,
>
> including participation in the interactive process with the applicant or employee;
>
> **20.7.**    A process for persons who believe they have been discriminated or retaliated
>
> against to report such concerns including identification of individuals and/or offices, with
>
> telephone numbers, to whom employees can report their concerns about discrimination or
>
> retaliation;

5

**20.8.**   A statement that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination;

**20.9.**   A description of the consequences, up to and including discharge, that will be imposed upon violators of Defendants' anti-discrimination and/or anti-retaliation policies; and

**20.10.**   A statement of non-retaliation for persons who report unlawful discrimination and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination and/or retaliation.

**21.**   Within thirty (30) calendar days after completion of the policy review required under this Decree, the written equal employment opportunity policies shall be posted in a location frequented by employees at each of Defendants' facilities and distributed to each current employee in Utah. The written equal employment opportunity policies also shall be distributed to all new employees in Utah when hired.

**C.   *Recruitment, Hiring, and Training***

**22.**   At least annually for three (3) years, Defendants shall provide equal employment opportunity training for all of its General Managers or equal to and higher ranking managers at each facility owned and/or operated by Defendant PJ Utah LLC in Utah and in every human resources office that has any responsibility or interaction with any facility in Utah owned and operated by Defendant PJ Utah LLC. Under this provision, employees will be trained at a minimum in the following areas: (a) Defendants' policy and procedures for reporting alleged disability discrimination; (b) understanding the kind of conduct which may constitute unlawful disability discrimination; (c) the penalties of engaging in discriminatory behavior; (d)

6

Defendants' non-retaliation policy; and (d) Defendants' procedures for handling accommodation requests. All training under this Paragraph shall be at Defendants' selection and expense. Unless otherwise specified, training should be by live presentation. The training will be conducted as follows:

**22.1.   General Managers Or Equal to And Higher Ranking Management Employees**:  Defendants will require all individuals who work as a General Manager or in any management position equal to and above the General Manager position in Utah, including but not limited to all Area Supervisors, General Managers, Operating Partners, owners, and anyone with hiring and/or discharging authority, to receive at least four (4) hours of training annually regarding the ADA and other federal anti-discrimination laws. Two (2) of the four (4) hours must directly address reasonable accommodation, disability discrimination, and retaliation, and two (2) of the four (4) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination and/or retaliation. Defendants shall emphasize with supervisory and managerial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendants will require employees who are newly hired or recently promoted to the General Manager Position or any management position equal to or above the General Manager position in Utah to complete one (1) hour of

complaint-handling training and one (1) hours of disability and retaliation-related training within twenty (20) calendar days of being hired or promoted. The training under this Paragraph must be provided by outside vendors.

**22.2.   Human Resource Employees:**  Defendants will require all individuals who work in a human resource capacity who have any responsibility or interaction with any facilities owned and/or operated by PJ Utah LLC in Utah to receive at least eight (8) hours of training annually regarding the ADA and other federal anti-discrimination laws. two (2) of the eight (8) hours must directly address reasonable accommodation, disability discrimination, and retaliation, and at least two (2) of the eight (8) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination and/or retaliation, archiving Defendants' investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Additionally, Defendants will require employees who are newly hired or promoted into a human resource position to complete four (4) hours of general equal employment opportunity training within thirty (30) calendar days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by outside vendors.

23.     Within three (3) months of the date of this Consent Decree, Defendants shall make good and reasonable efforts to recruit and hire individuals with disabilities. Such good and reasonable efforts may be in the form of an established program, and shall include, but are not limited to, the following steps:

**23.1.**   In consultation with the Disability Law Center, establishing and making available to each manager responsible for hiring, a list of approved employment companies and agencies with one of its primary goals the placement of individuals with disabilities in paid jobs and appropriate contact information for each company and/or agency. This does not require Defendants to hire any individuals, or to offer employment or employer any individual who is not qualified.

**23.2.**   Contacting three (3) of the approved employment companies and agencies in paragraph 23.1 on an annual basis to provide job descriptions for restaurants in Utah and information regarding how qualified individuals can apply for positions.

**24.**   Defendants agree that the first such training session for each employee group identified above, will take place within sixty (60) calendar days after the Court's entry of this Decree. Defendants agree that all of its personnel required to attend training under the provisions of the Consent Decree shall both register and attend the training sessions.

**D.    *Notice Posting***

**25.**   Within five (5) business days after the Court's entry of this Decree, Defendants shall post in its Farmington, Utah location, in a place frequented by employees, the Notice attached as Attachment B to this Decree for two (2) years from the Court's signing of the Consent Decree. The Notice shall be the same type, style, and size as set forth in Attachment B.  If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the annual reports required under the Reporting provisions of this Decree.

**E.**    ***Equal Employment Opportunity Compliance and Accountability***

**26.**    Defendants state that they remain committed to their policies and procedures that prohibit conduct made unlawful by the ADA and state that they will continue to hold their management and human resources personnel accountable for abiding by all applicable federal and state laws relating to the prevention of and prohibition against discrimination and retaliation, including through performance feedback in performance evaluations of management and human resources personnel and through disciplinary actions, where appropriate.

## VIII.  Record Keeping and Reporting Provisions

**27.**    For two (2) years from the Court's signing of the Consent Decree, Defendants shall maintain all records concerning implementation of this Decree for its Farmington, Utah location (where Scott Bonn was employed) only:

> **27.1.**    Personnel files;

> **27.2.**    Payroll records;

> **27.3.**    Work schedules;

> **27.4.**    Complaints of disability discrimination and/or retaliation and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

> **27.5.**    Requests for accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided.

**28.**    Defendants shall provide annual reports following the entry of this Decree. The reports shall be due thirty (30) calendar days following the end of each year following entry of this

Decree, except the final report which shall be submitted to the Commission four (4) weeks prior to the date on which the Decree is to expire.

29.    **Reporting Requirements:**

    **29.1.**    Defendants shall furnish to the EEOC the information detailed in Paragraph 29.5 for three (3) years from the date the Decree is entered. Defendants shall furnish the remaining information detailed in this Paragraph 29 to the EEOC for two (2) years from the date the Decree is entered. Subject to the foregoing, each report shall provide the following information:

    **29.2.    Reports of Discrimination**

        **29.2.1.**    For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on disability, even if such terminology is not used by the complainant.

        **29.2.2.**    The report will include a brief summary of each complaint, including the date of the complaint, Defendants' investigation and response to the complaint, and what, if any, resolution was reached.

    **29.3.    Complaints of Retaliation**

        **29.3.1.**    For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the ADA even if the complainant does not use legal or technical terminology.

        **29.3.2.**    The report shall include a brief summary of each complaint, including

the date of the complaint, Defendants' investigation and response to the

complaint, and what, if any, resolution was reached.

**29.4.   Reasonable Accommodation Procedures and Results**

    **29.4.1.**   A brief summary of each request for accommodation, including the date

of the request; any effort to engage in the interactive process with the person

requesting accommodation; what accommodation was requested; whether the

requested accommodation was granted, and if not, an explanation, with reasons,

for denying the request; whether any other accommodation was provided, and if

so, what accommodation was provided, and an explanation, with reasons, for

providing that accommodation.

**29.5.   Training**

    **29.5.1.** For each training program required under this Decree and conducted

during the reporting period, Defendants will provide (a) an agenda; (b) copies of

all training material provided to or utilized by the trainers; and (c) the name of

each trainer and a summary of his or her qualifications.

    **29.5.2.** For each training program conducted by an outside consultant or vendor

not affiliated with Defendants, Defendants will identify the consultant and/or

vendor and provide a copy of the program agenda.

    **29.5.3.** In each report, Defendant will certify that all individuals required to

receive training under paragraph attended the training required in the relevant

time period.

**29.6.   Posting of Notice**: Defendants shall recertify to the Commission that the Notice

required to be posted under this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**29.7.   Policy Review**: Defendants shall report on the status of the equal employment opportunity policy review process required under this Decree, and will certify that policies have been posted and distributed as required by this Decree.

### IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**30.**     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**31.**     There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**32.**     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.

**33.**     Absent extension, the training provision of this Decree shall expire by its own terms three years from the date of the Court's signature, and all other provisions of this Decree shall expire by its own terms two years from the date of the Court's signature without further action by the Parties.

### X.  EEOC AUTHORITY

**34.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**35.**    Each party shall be responsible for and shall pay its own costs and attorney's fees, except

as provided in Paragraph 12 above.

## XII.  NOTICE

**36.**    Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Mary O'Neill
Regional Attorney
EEOC Phoenix District Office
3300 N. Central Ave, Suite 690
Phoenix, AZ 85012

Gerald L. Maatman, Jr.
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

Laura Boswell
Disability Law Center
205 N 400 W
Salt Lake City, UT 84103

14

## XIII. SIGNATURES

37.    The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 24th day of _January_ 2017.

BY THE COURT:

_Tena Campbell_
United States Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY                    By:   _Mary Jo O'Neill_
COMMISSION                                            Mary Jo O'Neill
                                                      Regional Attorney
                                                      EEOC

                                                Date:
SCOTT BONN                                      By:   _Laura Boswell_
                                                      Laura Boswell
                                                      Disability Law Center

                                                Date: _1-23-17_
PJ UTAH LLC                                     By:   _Brad Leonard_
                                                      Brad Leonard
                                                      PJ Utah LLC

                                                Date: _1/19/17_
PJ CHEESE, INC.                                 By:   _Brad Leonard_
                                                      Brad Leonard
                                                      PJ Cheese, Inc.

                                                Date: _1/19/17_
PJ UNITED, INC.                                 By:   _Brad Leonard_
                                                      Brad Leonard
                                                      PJ United, Inc.

                                                Date: _1/19/17_

15

APPROVED AS TO FORM:

Mark J. Sorokin
Trial Attorney
EEOC Phoenix District Office
3300 North Central Ave, Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff EEOC

Laura Boswell
Disability Law Center
205 N 400 W
Salt Lake City, UT 84103

Attorneys for Plaintiff Scott Bonn

Gerald L. Maatman, Jr.
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Attorneys for Defendants PJ Utah LLC, PJ
Cheese, Inc., and PJ United, Inc.

16

**ATTACHMENT A**

**LETTER OF REFERENCE**

To Whom It May Concern:

Scott Bonn was employed with PJ Utah LLC at our Farmington, Utah store, located at 1322 US Hwy 89, Farmington, Utah, 84025, from September 19, 2011, until his resignation on February 10, 2012. During his tenure, Mr. Bonn performed his duties admirably and was a pleasure to work with.

Signed: _____
          Brent Denham

**ATTACHMENT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. PJ Utah LLC et al.*, filed in the United States District Court for the District of Utah, Civil Action No. 2:14-CV-695 TC.

PJ Utah LLC ("PJ Utah") wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. PJ Utah seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Americans With Disabilities Act of 1990, as amended (ADA), it is unlawful for an employer to discriminate based upon the disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

PJ Utah respects the right of its employees and applicants for employment to work in an environment free from discrimination and retaliation. Accordingly, PJ Utah reaffirms its commitment to complying with the ADA, in that it is our policy to prohibit all discrimination based on disability and/or retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic information has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at PJ Utah will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

PJ Utah LLC

By:_____          _____
                                                                              Date